## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ING BANK N.V.** | § | **CIVIL ACTION NO. 2:15-CV-5975** |
| | § | **(LEAD)** |
| **v.** | § | **c/w 2:15-cv-6060 (MEMBER)** |
| | § | |
| **M/V BULK FINLAND, IMO No.** | § | **JUDGE LEMELLE** |
| **9691577, her engines, tackle,** | § | |
| **equipment, furniture, appurtenances,** | § | **MAGISTRATE JUDGE KNOWLES** |
| **etc.,** *in rem* | § | |
| | § | **ADMIRALTY** |
| **APPLIES TO ALL CASES** | | |

### MEMORANDUM IN OPPOSITION
### TO BOMIN BUNKER OIL CORP.'S MOTION TO STAY

MAY IT PLEASE THE COURT:

Plaintiff, ING Bank N.V. ("ING"), files its memorandum in opposition to the motion to stay (Doc. No. 34) filed by plaintiff, Bomin Bunker Oil Corp. ("Bomin") as contrary to the interests of justice, as well as being immoderate and indeterminate in length, inasmuch as this litigation has been pending since November 17, 2015, and the Notice of Appeal in *NuStar Energy Services, Inc. v. M/V COSCO AUCKLAND* was only recently filed on April 5, 2017. Alternatively, to the extent that this Court is inclined to permit Bomin to undertake discovery concerning certain issues pertaining to ING's pending motion for summary judgment (Doc. No. 29), ING submits in the alternative that this Court should continue the submission date on ING's motion for summary judgment as well as the "me too" motion for summary judgment (Doc. No. 30) filed by DryLog Bulkcarriers Ltd., claimant for the defendant *in rem*, M/V BULK FINLAND, from the current date of May 24, 2017, until July 19, 2017, as well as the deadlines to complete limited discovery and to file opposition and reply memoranda associated with that alternatively proposed July 19, 2017, submission date. For the reasons that follow, this Court should deny Bomin's motion to stay.

## PROCEDURAL AND DISCOVERY BACKGROUND

On November 17, 2015, ING filed suit seeking the maritime arrest of the M/V BULK FINLAND for non – payment of bunkers supplied to the vessel by ING's assignor, O.W. Bunker Malta Ltd. (hereafter "OW Malta").  On November 18, 2015, Bomin filed its separate suit against the M/V BULK FINLAND for the failure of O.W. Bunker USA, Inc. (hereafter "OW USA"), Bomin's contractual counterparty, to pay Bomin.

On November 23, 2015, this Court entered an Order consolidating Bomin's suit with ING's earlier filed suit.  (Doc. No. 8.)  Also on that date, DryLog as long term time charterer of the BULK FINLAND filed a Verified Statement of Interest to the vessel.  (Doc. 10.)  On November 24, 2015, counsel for DryLog, as attorney in fact for the United Kingdom Mutual Steamship Assurance Association (Europe) Ltd., executed a Letter of Undertaking to provide substitute security for the BULK FINLAND (Doc. No. 13 – 1), and thereafter ING filed its notice of consent to release the BULK FINLAND from arrest (Doc. No. 13).

On January 8, 2016, DryLog filed its answer to ING's complaint (Doc. No. 17).  DryLog also filed its answer to Bomin's complaint (Doc. No. 18).

During February 2017, the Court issued its Preliminary Conference Notice (Doc. 19) and its supplemental Preliminary Conference Notice (Doc. 20) setting March 10, 2017, as the date for the Scheduling Conference.  Contrary to the representations of Bomin, counsel for ING did not agree to suspend discovery or any other activities in this case.  Rather, ING obtained the agreement of all counsel that this matter be set for trial in the fourth quarter of 2017, inasmuch as the Fifth Circuit should have rendered its decision in *Valero Marketing & Supply Co. v. M/V ALMI SUN*, No. 16-30194 (5th Cir.) (hereafter "*ALMI SUN*"), by the date of trial.  In the event that the Fifth Circuit still had not issued its *ALMI SUN* decision two months prior to the deadline to file

dispositive motions, then the parties would reconsider whether to proceed with the anticipated trial setting during the fourth quarter of 2017.

On March 8, 2017, ING issued its Initial Disclosures to all counsel.

On March 10, 2017, the Court issued its Scheduling Order establishing an October 30, 2017, trial date and an October 5, 2017, pre-trial conference.  The Scheduling Order set a September 5, 2017, deadline to complete discovery.  Pre-trial motions were to be filed sufficiently in advance to permit hearing thereon no later than September 15, 2017.

The Scheduling Order provided that initial disclosures were to be issued by March 24, 2017.  On March 24, 2017, DryLog issued its Initial Disclosures to all counsel.

On April 10, 2017, DryLog filed its motion for leave to file an amended answer (Doc. No. 27) to allege a claim for interpleader relief.  ING had opposed the filing of the proposed amended answer on the grounds of futility, because Bomin had no maritime lien against the BULK FINLAND for non – payment of bunkers or for breach of contract.  The submission date for DryLog's motion for leave is presently set for June 14, 2017.  (Doc. No. 31.)  ING will timely file its opposition memorandum on the futility of the requested amended answer.

On April 12, 2017, ING issued its First Supplemental Disclosures to all counsel.  Also on April 12, 2017, Bomin issued its Initial Disclosures to all counsel.

On April 24, 2017, ING filed its motion for summary judgment to dismiss the claims of Bomin.  The motion for summary judgment also provides the factual and legal grounds for the denial, as futile, of DryLog's pending motion for leave to file an amended answer.  On May 2, 2017, Bomin filed its opposition memorandum (Doc. 33), in which it raised certain procedural defenses or requests for relief, including staying the entirety of the action pending resolution by the Court of Appeals for the Fifth Circuit of the appeals in the *ALMI SUN* and *NuStar Energy*

3

*Services, Inc. v. M/V COSCO AUCKLAND*, No. 17-20246 (hereafter "*COSCO AUCKLAND*"), or deferring the resolution of ING's motion for summary judgment to permit Bomin to undertake certain discovery.  The submission date for ING's motion for summary judgment was continued, by consent, until May 24, 2017.  (Doc. No. 35).

On April 28, 2017, DryLog filed its motion for summary judgment to dismiss the claims of Bomin, which, with few exceptions, adopted and incorporated ING's reasons in support of its motion for summary judgment.  (See Doc. No. 30-1.)  The submission date for DryLog's motion for summary judgment is May 24, 2017.  (Doc. No. 30-5).  Bomin's opposition memorandum to DryLog's motion for summary judgment is due on May 16, 2017.  Loc. R. 7.5.

On May 5, 2017, Bomin filed the instant motion to stay all proceedings until the Fifth Circuit issues its decision in the appeal in the *COSCO AUCKLAND*.  (Doc. No. 34-1.)  The submission date for Bomin's motion to stay is also May 24, 2017.  ING now files its opposition memorandum to Bomin's motion to stay.

## LAW AND ARGUMENT

I.     **The Court Should Deny the Motion to Stay Based on Bomin's Failure to Establish a Clear Case of Hardship or Inequity, as well as the Immoderate and Indefinite Duration of the Requested Stay.**

ING submits it is easiest to categorize the law applicable to Bomin's motion to stay by first identifying what it <u>is not</u>.  Bomin's motion does not seek to stay these consolidated suits based on parallel arbitration proceedings among ING, Bomin and DryLog, as was considered by Judge Feldman in *Mosaic Underwriting Service, Inc. v. Moncla Marine Operations, L.L.C.*, 2013 WL 2903083 (E.D. La. 2013) (Feldman, J.) or the Ninth Circuit in *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979).  Likewise, Bomin's motion does not seek to stay these civil actions during the resolution of parallel state court litigation among the same parties, i.e., *Colorado*

*River* abstention, as Judge Brown did in *E. Cornell Malone Corp. v. Sisters of Holy Family*, 922 F. Supp. 2d 550 (E.D. La. 2013) (Brown, J.).  Although there are multiple vessel arrest proceedings pending in various federal district courts of the United States arising out of the failure of vessel owners and/or charterers to pay the relevant member of the O.W. Bunker Group (or ING) for bunkers ordered from that member of the O.W. Bunker Group, the Judicial Panel on Multidistrict Litigation is not involved in any of those proceedings, in contrast to the procedural posture Judge Brown was required to address in *Ates v. Delta Air Lines, Inc*., 2015 WL 5774979 (E.D. La. 2015) (Brown, J.).

Rather, Bomin requests this Court to enter a stay pending issuance of the U.S. Fifth Circuit's decision in the *COSCO AUCKLAND*, which notice of appeal was filed last month, on April 5, 2017.  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *Landis v. North Amer. Co*., 299 U.S. 248, 255 (1936) (emphasis added).  See also *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983); *Robiho v. University Healthcare Sys., L.L.C*., 2011 WL 4747446 at *4 (E.D. La. 2011) (Africk, J.).  In order for this variant of a stay to issue, Bomin "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else".  *Ibid*.

Moreover, before granting a stay pending the resolution of another case, this Court must carefully consider the time reasonably expected for resolution of the 'other case', in light of the principle that 'stay orders will be reversed, as an abuse of discretion, when they are found to be immoderate or of an indefinite term'.  *Wedgeworth* at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).  The stay must be "so framed in its inception that its force will be

spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*. (quoting *Landis*, 299 U.S. at 257).

> **A.    Bomin has failed to establish clear hardship or inequity in being required to go forward with this suit.**

Bomin has failed to establish any clear hardship or inequity in being required to go forward with resolution of this suit.  The only hardship identified by Bomin are the parties' incurring of legal fees and costs during the pendency of this consolidated proceeding.  ING submits that those fees would have had to be incurred regardless of the pendency of the *ALMI SUN* or the *COSCO AUCKLAND* appeals before the Fifth Circuit.

As ING pointed out in its memorandum in support of its motion for summary judgment, Bomin was the physical supplier of the fuel that was ordered from OW Malta.  The claims of similarly situated physical suppliers were dismissed via motion for summary judgment in the following cases:  *ALMI SUN*, 160 F. Supp. 3d 973, 985 (E.D. La. 2016) (hereafter "*ALMI SUN*"), *appeal pending*; *ING Bank N.V. v. M/V CLIPPER IYO*, 4:15-cv-2004, Doc. No. 46 at 15 (S.D. Tex. Dec. 29, 2016) (hereafter "*CLIPPER IYO*"); *Clearlake Shipping PTE Ltd. v. O.W. Bunker (Switzerland) SA*, _____ F. Supp. 3d _____, 2017 WL 894876 (S.D.N.Y. 2017) (hereafter "*Clearlake*"), *appeal pending*; *COSCO AUCKLAND*, 4:14-cv-3648 at 11, Doc. No. 98 (S.D. Tex. Dec. 1, 2016); *ING Bank N.V. v. M/V TEMARA*, 203 F. Supp. 3d 355, 366 – 68 (S.D.N.Y. 2016) (hereafter "*TEMARA*"), *appeal pending*; *Aegean Bunkering (USA) LLC v. M/T AMAZON*, 2016 WL 4471895 (S.D.N.Y. 2016) (hereafter "*AMAZON*"), *appeal pending*; *O'Rourke Marine Servs. L.P., L.L.P., v. M/V COSCO HAIFA*, 179 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (hereafter "*COSCO HAIFA*"), *appeal pending*; *Bunker Holdings Ltd. v. M/V YM SUCCESS*, 2016 WL 3144403 at *4 (W.D. Wash. 2016) (hereafter "*YM SUCCESS*"), *appeal pending*.

ING has already incurred the fees and costs attendant to filing a dispositive motion for summary judgment to dismiss Bomin's claims.  As discussed *infra* § II, if this Court concludes that Bomin requires additional discovery to prepare a defense to the motions for summary judgment, ING has no objection to its motion for summary judgment being held in abeyance through July 2017 and to permit Bomin until June 30, 2017, to obtain certain discovery it claims it needs to respond to the motion for summary judgment.

Moreover, ING is concerned that during the pendency of any stay that it will be precluded from obtaining discovery from a non – party, Itiro Corporation, DryLog's subcharterer of the BULK FINLAND, located in the British Virgin Islands, with offices in Ukraine, and thus located outside the subpoena power of this Court.  Itiro subchartered the vessel to Tatsuo Consulting Ltd. Given the extended downturn in the international and local shipping industry, there is an ever-increasing number of bankruptcies of vessel charterers and operators, such as Global Maritime Investments, Sobelmar, Bulk Invest, Copenship Bulkers, Hanjin Shipping, not to mention vessel owners like Hanjin Shipping, Ocean Rig, Toisa Ltd., and Tidewater, Inc.  Any attendant delay may well stymie ING's ability to obtain evidence from non – parties to be submitted at trial. Accordingly, ING will be prejudiced in the event the Court enters a stay of these consolidated proceedings.

**B.**     **The requested stay during the pendency of the *COSCO AUCKLAND* appeal will be indefinite and immoderate warranting denial of Bomin's motion to stay.**

In *Landis*, the Supreme Court reversed one district court's stay of litigation challenging the constitutionality of the Holding Companies Act which stay order had been issued pending the decision of another district court involving similar legal issues involving another party, the Bond

& Share Company, and the appellate review of that other district court's decision.  As the *Landis* Court stated:

> We are satisfied that the limits of a fair discretion are exceeded in so far as the stay is to continue in effect after the decision by the District Court in the suit against the Bond & Share Company, and until the determination by this court of any appeal therefrom.  Already the proceedings in the district court have continued more than a year.  With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court will be able to pass upon the Act. . . .  Relief so drastic and unusual overpasses the limits of any reasonable need, at least upon the showing made when the motion was filed.

*Landis* at 257 (emphasis added).

In *Robiho*, Judge Africk concluded a delay of several months while various Louisiana courts of appeal settled the rule of law warranted the denial of a motion to stay.  *Robiho* at *4.

These consolidated actions have been pending since November 17, 2015.  The current submission date for the motions for summary judgment is May 24, 2017, slightly more than one and one-half years after the commencement of the suits.

Both district court decisions in *ALMI SUN* and *COSCO AUCKLAND* concluded the physical supplier, like Bomin, lacked a maritime lien arising out of subcontracts with members of the O.W. Bunker Group.  Yet, Bomin requests the Court to enter a stay not when the first decision of the Fifth Circuit is issued, but rather when the Fifth Circuit issues its decision in the more recently filed appeal in *COSCO AUCKLAND*.  The time it has taken the Fifth Circuit to issue its decision in *ALMI SUN* underscores the corresponding indeterminate delay should the Court grant Bomin's motion to stay pending resolution of the *COSCO AUCKLAND* appeal.

If the Fifth Circuit's delay in the *ALMI SUN* is any guide, resolution of the *COSCO AUCKLAND* appeal will take at least one year to resolve.  In *ALMI SUN*, Judge Brown dismissed the claim of the physical supplier via summary judgment.  On March 7, 2016, the physical supplier filed its notice of appeal.  On January 4, 2017, the Fifth Circuit heard oral argument.  The decision

of the Fifth Circuit panel has been pending for over four months, or more than fourteen months after the notice of appeal was first filed.  It remains unknown when the Fifth Circuit will issue its decision.

The notice of appeal of the physical supplier in the *COSCO AUCKLAND* was filed on April 5, 2017.  If the Fifth Circuit's resolution of the *COSCO AUCKLAND* appeal takes a similar amount of time as the *ALMI SUN* appeal, then the *COSCO AUCKLAND* appeal will still be pending in June 2018.

Even though Bomin has failed to carry its heavy burden to warrant the imposition of a stay in light of the prejudice to ING, the requested relief – a stay until resolution of the *COSCO AUCKLAND* appeal – is just as immoderate and indefinite a stay as that the Supreme Court declared to comprise an abuse of discretion in *Landis*.  The Court should deny the motion to stay.

**II.    Alternatively, in the event the Court Finds Bomin is Entitled to Limited Discovery to Respond to the Motions for Summary Judgment, ING Submits that a Continuance of the Submission Date until July 19, 2017 of the Motions for Summary Judgment, with a Deadline for Bomin to Complete Certain of its Requested Discovery until June 30, 2017, is Appropriate.**

For the foregoing reasons, ING requests that the Court deny Bomin's motion to stay. Alternatively, in the event the Court finds Bomin is entitled to limited discovery to respond to the motions for summary judgment, then ING submits that the Court should modify the schedule for resolving the motions for summary judgment as more fully described in this section.

ING submits that the primary motivation for Bomin in filing the motion to stay is to avoid yet another decision dismissing the purported maritime lien claims of the physical supplier as has occurred in the decisions referenced in ING's memorandum in support of its motion for summary judgment.  Several of the areas in which Bomin claims it requires discovery should be within the custody or control of Bomin, such as (1) whether DryLog, Itiro or Tatsuo Consulting Ltd.

designated Bomin to be the physical supplier of the BULK FINLAND;[1] and, (2) whether DryLog, Itiro, or Tatsuo represented to Bomin that its contractual counterparty, OW USA, had apparent authority to supply necessaries for the benefit of the BULK FINLAND.  *Cactus Pipe & Supply Co., Inc. v. M/V MONTMARTRE*, 756 F.2d 1103, 1111 (5th Cir. 1985); *AMAZON* at *8 (citing *Hawkspere Shipping Co., Ltd. v. Intamex, S.A.*, 330 F.3d 225, 235 (4th Cir. 2003)).  ING submits that there is no such evidence, and directs the Court to the three separate contracts between Tatsuo and OW Malta, OW Malta and OW USA and OW USA and Bomin as representing the independent and separate nature of the bunker general contract with OW Malta and the two bunker subcontracts at issue.

Nevertheless, to the extent the Court believes Bomin should be afforded additional time to conduct discovery to respond to the motions for summary judgment of ING and DryLog, then ING submits that such discovery should be completed by June 30, 2017.  ING further submits that Bomin would have until July 11, 2017 to file its opposition memoranda directed to both motions for summary judgment, and that the submission date for the motions be continued until July 19, 2017.

## CONCLUSION

ING Bank N.V. requests this Court to deny the Motion to Stay filed by Bomin Bunker Oil Corp.

In the event the Court concludes Bomin is entitled to discovery prior to the resolution of the motions for summary judgment of ING and DryLog, ING submits in the alternative that this Court should continue the submission date of the motions for summary judgment from May 24,

---

[1]      See *ALMI SUN*, 160 F. Supp. 3d at 982 & 984; *AMAZON*, 2016 WL 4471895 at *14; *COSCO AUCKLAND* at 10; *Clearlake*, _____ F. Supp. 3d. at _____, 2017 WL 894876 at *8; *TEMARA*, 203 F. Supp. 3d at 368; *DEEP BLUE*, 2016 WL 5660934 at *9; *CLIPPER IYO* at 14.

2017 until July 19, 2017, and that Bomin's deadline to file its opposition memoranda be continued to July 11, 2017.  Lastly, in the event the Court continues the submission date as suggested by ING in the alternative, that the Court set a June 30, 2017 deadline for Bomin to complete discovery on the following topics:

(a) selection of Bomin as the physical supplier by a non – OW Bunker entity, such as Tatsuo Consulting Ltd., Itiro Corporation, or DryLog;

(b) whether Tatsuo, Itiro, or DryLog conferred actual authority on OW Malta to procure the bunkers on behalf of the BULK FINLAND; and,

(c) whether OW Malta conferred actual authority on OW USA to procure the bunkers on behalf of the BULK FINLAND.

Respectfully submitted,

/s/   James D. Bercaw
**JAMES D. BERCAW, #20492**
**ROBERT J. STEFANI, #19248**
**LAURA E. AVERY, #35636**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
E-Mail:   jbercaw@kingkrebs.com
           rstefani@kingkrebs.com
           lavery@kingkrebs.com

*Attorneys for ING Bank N.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/   James D. Bercaw