UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ING BANK N.V., ET AL.**                                CIVIL ACTION

                                                         NO. 15-5975
**VERSUS**                                               C/W 15-6060
                                                         ALL CASES

**M/V BULK FINLAND, IMO No. 9691577**                    SECTION "B"(3)

## ORDER AND REASONS

Before the court is "Bomin Bunker Oil Corp.'s Motion to Stay" (Rec. Doc. 34), "Memorandum in Opposition to Bomin Bunker Oil Corp.'s Motion to Stay" (Rec. Doc. 37), "Drylog Bulkcarriers Limited's Response to Bomin Bunker Oil Corp.'s Motion to Stay" (Rec. Doc. 36), "Motion for Summary Judgment to Dismiss Verified Complaint of Bomin Bunker Oil Corp." (Rec. Doc. 29), "Bomin Bunker Oil Corp.'s Response to Opposition to ING Bank N.V.'s Motion for Summary Judgment to Dismiss Verified Complaint" (Rec. Doc. 33), "Reply Memorandum in Support of Motion for Summary Judgment to Dismiss Verified Complaint of Bomin Bunker Oil Corp." (Rec. Doc. 45), "Motion for Summary Judgment to Dismiss Bomin Bunker Oil Corp.'s Claims" (Rec. Doc. 30) and "Bomin Bunker Oil Corp.'s Response in Opposition to Drylog Bulkcarriers Limited's Motion for Summary Judgment to Dismiss Bomin Bunker Oil Corp.'s Claims" (Rec. Doc. 42),

For the reasons set forth below, **IT IS ORDERED** that Bomin Bunker Oil Corp.'s Motion to Stay (Rec. Doc. 34) is **GRANTED. IT IS**

**FURTHER ORDERED** that the parties Motions for Summary Judgment (Rec. Docs. 29 and 30) are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the above captioned action shall be administratively closed, for statistical purposes only, without prejudice to the parties' right to reopen the case upon motion to lift the stay within thirty (30) days after the resolution of *NuStar Energy Services, Inc. v. M/V COSCO AUCKLAND* (Case No. 17-20246). **FAILURE TO TIMELY FILE SUCH MOTION MAY LEAD TO SANCTIONS, INCLUDING DISMISSAL.** *See* Fed. R. Civ. P. 41(b).

The instant controversy arises from a vessel seizure. Plaintiff ING Bank N.V. ("ING"), it its Motion for Summary Judgment contends Bomin Bunker Oil Corp.'s ("Bomin") Verified Complaint should be dismissed because it cannot satisfy the statutory requirements to have a valid maritime lien or a breach of contract claim against the vessel, BULK FINLAND, as a matter of law. ING argues that Bomin as a matter of law cannot have a maritime lien or a breach of a contract claim against BULK FINLAND because Bomin is a subcontractor and not a person authorized by the vessel owner to render services. Bomin argues that the law on maritime liens in this context is not yet settled in this Circuit and that the Motions for Summary Judgment should be held in abeyance pending the resolution of an appeal involving similar factual and legal issues in *NuStar Energy Services, Inc. v. M/V COSCO AUCKLAND (Case No. 17-20246)* which was filed in early April 2017. Drylog

Bulkcarriers Limited does not oppose the motion to stay the proceedings (Rec. Doc. 36).

"The District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 684 (1997). However, a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936). Furthermore, a "party requesting a stay must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party." *Ates v. Delta Air Lines, Inc.,* Case No. 15-3228, 2015 U.S. Dist. LEXIS 132926, at*7 (E.D. La. Sept. 30, 2015). In the context of multi-district litigation decisions the Court generally examines three factors: (1) the potential prejudice to the non-moving party (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be conserved by avoiding duplicative litigation if the case was stayed. Ates, 2015 U.S. Dist. LEXIS 132926 at *8. This Court finds that an analysis of all three factors weighs in favor of granting a stay pending the resolution of the appellate court's proceedings.

First, ING will have little potential prejudice if the stay is granted. ING's only foreseeable prejudice is a delay in the

resolution of its lawsuit. However, even if this Court denies the stay and grants ING's Motion for Summary Judgment, ING cannot execute any funds in the near future as Bomin states that it will appeal an adverse decision to the Fifth Circuit. ING will face a delay in its economic recovery whether or not the stay is granted.

Furthermore, it would be unreasonable for the parties to expend resources to join the appellate queue on maritime liens legal questions when their case can be stayed, without incurring additional costs, pending the outcome of *NuStar Energy Services, Inc. v. M/V COSCO AUCKLAND*. Furthermore, if ING's motion is denied Bomin and ING will have to spend money and time undertaking discovery and other pre-trial matters before eventually trying the case and ending up in the same position at the Fifth Circuit.

Granting the stay will conserve both the Court's and parties resources. ING cites a litany of cases in its Motion for Summary Judgment arguing that subcontractor lacks a maritime lien as a matter of law in these sort of factual patterns. However all of these cases are district court decisions that are pending appeal in the Fifth, Second and Ninth Circuits (Rec. Docs. 29-1, 29-2 and 29-3). Granting a stay pending the resolution of one Fifth Circuit case, *NuStar Energy Services, Inc. v. M/V COSCO AUCKLAND (Case No. 17-20246),* will conserve the Court's resources and prevent the parties from engaging in unnecessary appeals or undertake unnecessary discovery and pretrial actions. This Court uses its

broad discretion to stay proceedings in this case in the "interest of justice." *E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 563 (E.D. La. Feb. 6, 2013).


New Orleans, Louisiana, this 28th day of June, 2017.

                                           _____
                                           SENIOR UNITED STATES DISTRICT JUDGE